No. 24-1092

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

UNITED STATES OF AMERICA; COMMONWEALTH OF MASSACHUSETTS; DISTRICT OF COLUMBIA; STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF NORTH CAROLINA; STATE OF MARYLAND; STATE OF NEW JERSEY,

*Plaintiffs – Appellees*

*v.*

JETBLUE AIRWAYS CORPORATION; SPIRIT AIRLINES, INC.,

*Defendants – Appellants.*

On Appeal from the United States District Court for the District of Massachusetts
in Case No. 1:23-cv-10511-WGY, Judge William G. Young

## JETBLUE AIRWAYS CORPORATION AND SPIRIT AIRLINES, INC.'S MOTION TO EXPEDITE CONSIDERATION OF THE APPEAL

Ryan A. Shores
Cleary Gottlieb Steen & Hamilton, LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Tel: 202-974-1500
rshores@cgsh.com


Elizabeth M. Wright
Cooley LLP
500 Boylston Street
Boston, MA 02116-3736
Tel: 617-937-2300
ewright@cooley.com


*Attorneys for JetBlue Airways Corporation*

Andrew C. Finch
Jay Cohen (Application Pending)
Paul, Weiss, Rifkind, Wharton
& Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: 212-373-3000
afinch@paulweisss.com
jcohen@paulweiss.com

*Attorneys for Spirit Airlines, Inc.*

## **<u>TABLE OF CONTENTS</u>**

INTRODUCTION AND BACKGROUND ............................................................1

JURISDICTION...................................................................................................6

ARGUMENT .......................................................................................................7

  A.  Defendants Would Be Irreparably Harmed Unless the Appeal Is Expedited ..7

  B.  The Public Interest Favors Expedition ...........................................................8

  C.  Defendants Have Substantial Grounds to Challenge the Decision .................9

CONCLUSION ....................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*FTC v. H.J. Heinz*,
  No. 00-5362 (D.C. Cir. 2001) ....................................................................4

*FTC v. Microsoft Activision*,
  No. 23-15992 (9th Cir. *undecided*) .......................................................4

*Hollinger Int'l, Inc. v. Black*,
  844 A.2d 1022 (Del. Ch. 2004) ...............................................................8

*Providence Journal Co. v. FBI*,
  595 F.2d 889 (1st Cir. 1979)....................................................................7

*Revlon, Inc. v. MacAndrews & Forbes Holdings, Inc.*,
  506 A.2d 173 (Del. 1986) .........................................................................8

*United States v. Am. Airlines Grp. Inc.*,
  No. 1:21-cv-11558 (D. Mass. Dec. 2, 2022) ........................................1

*United States v. Anthem, Inc.*,
  855 F.3d 345 (D.C. Cir. 2017).............................................................4, 8

*United States v. Baker Hughes Inc.*,
  908 F.2d 981 (D.C. Cir. 1990)...............................................................10

*United States v. Gen. Dynamics*,
  415 U.S. 486 (1974)................................................................................11

*United States v. U.S. Sugar Corp.*,
   No. 22-2806 (3d Cir. 2023) ....................................................................4

*United States v. UnitedHealth Grp. Inc.*,
  630 F. Supp. 3d 118 (D.D.C. 2022).......................................................10

iii

**Federal Statutes**

28 U.S.C. § 1291 ................................................................................6

Section 7 of the Clayton Act, 15 U.S.C. § 18 ...................................*passim*

**Other Authorities**

Fed. R. App. P. 2(a) ........................................................................1, 7

Fed. R. App. P. 31(a)(1)......................................................................4

U.S. Court of Appeals - Judicial Caseload Profile (as of Sep. 30, 2023),
     https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_appprof
     ile0930.2023.pdf. ..........................................................................7

Pursuant to Federal Rule of Appellate Procedure 2(a), Defendants-Appellants JetBlue Airways Corporation ("JetBlue") and Spirit Airlines, Inc. ("Spirit") (together, "Defendants") respectfully move this Court to expedite this appeal, which arises from an Order and Judgment (Dkt. No. 461) by the District Court (Young J.) permanently enjoining Defendants from closing their merger agreement under Section 7 of the Clayton Act, 15 U.S.C. § 18 (the "Decision").[1]  *See also* Dkt. No. 463, Judgment dated January 17, 2024.  Good cause exists to expedite this appeal because, absent expedition, the appeal is unlikely to be decided before the July 24, 2024 outside closing date of the merger agreement between JetBlue and Spirit.

## INTRODUCTION AND BACKGROUND

The proposed merger involves two of the nation's small airlines: JetBlue is the sixth largest domestic airline with about 5% market share, and Spirit is the seventh largest airline with about 4% market share (the "Transaction").  Decision at 19.  These small airlines are dwarfed by the country's "Big Four" carriers (Delta, American, United, and Southwest), which collectively account for 80% of domestic air travel.  *Id.* at 6.  In the Government's own words, JetBlue is a "unique" competitor that disciplines the country's largest and most dominant airlines with its blend of

---

[1]     While Defendants filed their notice of appeal in the District Court on January 19, 2024, this appeal was not docketed in this Court until January 29, 2024. Defendants immediately filed this Motion to Expedite Consideration of the Appeal on the same day the case was docketed, which was the earliest possible opportunity for Defendants to file a document in this Court.

high quality and low prices.[2]  As the District Court found, the merger would expand JetBlue's presence throughout the country, resulting in "more vigorous competition with the Big Four, which carry most passengers in the country."  *Id.* at 102.  Millions of airline customers would benefit, whether they fly JetBlue or not, because a larger JetBlue would "force[] other airlines to lower their fares."  *Id.* at 17, 101–03.

Despite recognizing these significant consumer benefits to the vast majority of air travelers, the District Court found the Transaction was likely to "substantially lessen competition" under Section 7 because of harm it predicted to an unquantified group of travelers who purportedly "must <u>rely</u> on Spirit."  *Id.* at 106 (emphasis in original).  Focusing on this narrow group of customers, the District Court improperly required evidence other carriers would "replace Spirit's capacity nationally" on all Spirit's routes, as it apparently believed Section 7 required "protect[ion]" of "every consumer, in every relevant market from harm."  *Id.*  In the end, the District Court found *Defendants'* evidence failed to "establish that the proposed merger would not substantially lessen competition" in some antitrust markets, even though that burden was squarely on the *Government*, and thus enjoined the Transaction.  *Id.* at 105.  The District Court concluded the Decision with a dedication:  "To those dedicated customers of Spirit, this one's for you."  *Id.* at 109.

---

[2]     Plaintiffs' Proposed Findings of Fact 6–8, *United States v. Am. Airlines Grp. Inc.*, No. 1:21-cv-11558 (D. Mass. Dec. 2, 2022), Dkt. No. 332.

The Decision should be reversed.  It disregards the benefits of the Transaction to the majority of the flying public, flips the burden of proof, adopts a replication-of-Spirit standard for evaluating entry that is inconsistent with Section 7's substantiality requirement, and contains no findings in any particular "line of commerce" or antitrust market, as Section 7 requires.  Unless this appeal is expedited, this Court may have no opportunity to review the Decision, because the merger agreement includes an outside closing date of July 24, 2024.

There is good cause to expedite the appeal because, if the merger agreement terminates before this Court can issue its decision, the enormous consumer benefits the District Court recognized will result from the Transaction will be lost.  Accordingly, Defendants respectfully request that the Court expedite its consideration of this appeal and order the following briefing deadlines.

- Defendants' Opening Brief    February 26, 2024 (28 days from docketing of Appeal)

- Government's Answering Brief    March 27, 2024 (30 days)

- Defendants' Reply Brief    April 11, 2024 (15 days)

Defendants further respectfully request that the Court schedule oral argument no later than the May sitting to permit the appeal to be decided before July 24, 2024.

The Government has represented that they do not oppose expedition of oral argument following the completion of briefing, but they oppose the proposed briefing schedule and will request 60 days to file their own brief.     The     Court

3

should enter Defendants' proposed schedule and deny the Government's request for an extension of time. Defendants' proposal shortens their own deadlines and requests only that the Government respond in the standard 30-day timeframe provided by Federal Rule of Appellate Procedure 31(a)(1). The schedule would therefore impose no unusual prejudice or burden on the Government and provides this Court an opportunity to consider this appeal at the May sitting. Indeed, the Government had approximately 38 attorneys enter appearances in the proceedings below, so the Government plainly has enough qualified counsel who are familiar with the trial record and the issues in this case to file their brief within the normal timeframe. Defendants' proposal would provide sufficient time for oral argument in May and a decision by the outside closing date, while the Government's proposal would compress that time by a month. Defendants' schedule is also consistent with briefing schedules entered in other merger appeals, where expedition is routinely granted. *E.g.*, *United States v. U.S. Sugar Corp.*¸ No. 22-2806 (3d Cir. 2023) (73 days from trial court order to appellate reply brief; answering brief due 21 days after opening brief); *United States v. Anthem*, No. 17-5024 (D.C. Cir. 2017) (40 days from trial court order to appellate reply brief; answering brief due 28 days after opening brief); *FTC v. H.J. Heinz*, No. 00-5362 (D.C. Cir. 2001) (81 days from trial court order to appellate reply brief; answering brief due 30 days after opening brief); *FTC*

*v. Microsoft Activision*, No. 23-15992 (9th Cir. *undecided*) (79 days from trial court

order to appellate reply brief; answering brief due 28 days after opening brief).

## **<u>JURISDICTION</u>**

The District Court granted a permanent injunction on January 16, 2024 under

15 U.S.C. § 18 (Dkt. No. 461) and entered Judgment for the Government on January

17, 2024 (Dkt. No. 463).  This Court has jurisdiction because the order under review

is final, 28 U.S.C. § 1291, and because the District Court granted an injunction, 28

U.S.C. § 1292(a)(1).

## **ARGUMENT**

Under Federal Rule of Appellate Procedure 2(a), the Court may expedite proceedings for "good cause."  Fed. R. App. 2(a) ("On its own or a party's motion, a court of appeals may—to expedite its decision or for other good cause—suspend any provision of these rules in a particular case and order proceedings as it directs . . . .").  Good cause exists to expedite this proceeding.  Expedition of this appeal (i) will avoid irreparable injury by ensuring a decision is issued before the outside closing date, (ii) is strongly in the public interest given the benefits of the transaction, and (iii) is warranted in light of substantial grounds to challenge the Decision below.

### A.    **Defendants Would Be Irreparably Harmed Unless the Appeal Is Expedited**

Good cause exists because, absent expedition, the appeal is unlikely to be decided before the outside closing date for the merger agreement, July 24, 2024.  Accordingly, unless this appeal is expedited, Defendants are likely to lose any right to appellate review.[3]  The de facto loss of a right to appeal is itself recognized as a form of irreparable harm.  *Cf. Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) (finding irreparable harm where "right of appeal will become moot"

---

[3]    Appeals typically take longer than six months.  U.S. Court of Appeals – Judicial Caseload Profile (as of Sept. 30, 2023), https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_appprofile0930.2023.pdf.

unless a stay is granted); *see also United States v. Anthem, Inc.*, 855 F.3d 345, 348 (D.C. Cir. 2017) (expediting and resolving appeal prior to contractual outside closing date). In addition, JetBlue and Spirit would lose out on the benefits of the Transaction, including the opportunity for JetBlue to become a needed fifth national competitor to the dominant Big Four airlines. *See Hollinger Int'l, Inc. v. Black*, 844 A.2d 1022, 1090 & n.160 (Del. Ch. 2004) ("Losses of strategic opportunities are often found to pose a threat of irreparable injury" (citation omitted)); *see also Revlon, Inc. v. MacAndrews & Forbes Holdings, Inc.*, 506 A.2d 173 (Del. 1986) (affirming finding of irreparable harm from loss of opportunity to bid on company).

### B.    The Public Interest Favors Expedition

Expedition is also strongly in the public's interest because the District Court's Decision, if allowed to stand, will deprive millions of airline consumers across the country of the benefits of the proposed merger. The Transaction would allow JetBlue's high-quality product to become "more widely available to more consumers." Decision at 16. This would allow JetBlue to "immediately" increase competition with the Big Four airlines, benefitting consumers whether they fly JetBlue or not through lower prices and better service. *Id.* at 102–03. As the District Court held, consumers stand to further benefit from JetBlue having increased resources to innovate and create an "even stronger customer experience." *Id.* at 17, 106.

In addition, the public interest favors appellate review of decisions challenging mergers under the Clayton Act. Parties infrequently litigate merger challenges to the Court of Appeals because of the nature of merger agreements, which generally have a limited window to close due to the commercial realties of mergers. To Defendants' knowledge, the First Circuit has not opined on the appropriate framework to analyze a transaction under Section 7 of the Clayton Act. This case presents an opportunity for the First Circuit to provide guidance for future transactions.

### C.    Defendants Have Substantial Grounds to Challenge the Decision

Although Defendants intend to submit full briefing on the appeal, there are also substantial grounds to challenge the Decision. This further supports Defendants' request to expedite the appeal.[4]

The Decision is fundamentally at odds with Section 7 of the Clayton Act, which requires *the Government* to show a merger is likely to "substantially" lessen competition in a specific "line of commerce" or antitrust market. 15 U.S.C. § 18. Under the prevalent *Baker Hughes* framework for evaluating a merger challenge: "If the defendant successfully rebuts the presumption [a merger violates Section 7], the

---

[4]    Although never expressly required by the First Circuit, the D.C. Circuit and others evaluate whether the decision is subject to a substantial challenge when granting expedited review. *E.g.*, D.C. Cir. Handbook of Practice and Internal Procedures (Mar. 16, 2021).

burden of producing additional evidence of anticompetitive effect shifts to the government, and merges with the ultimate burden of persuasion, which remains with the government at all times." *United States v. Baker Hughes Inc.*, 908 F.2d 981, 983 (D.C. Cir. 1990). The District Court held that Defendants defeated the Government's presumption through a "combination of the likely, timely entrants into the harmed markets and the potential procompetitive benefits of the proposed merger," Decision at 103, but nevertheless reversed the burden of proof in the final analysis by insisting that *Defendants* must "establish that the proposed merger would not substantially lessen competition," *id.* at 105.

The District Court further erred when it required evidence that a subset of other airlines could completely replace "Spirit's capacity nationally" or "Spirit's capacity specifically on Spirit routes" and considered whether entry would "protect every consumer, in every relevant market from harm." *Id.* at 106. That reads Section 7's requirement of a "substantial" lessening of competition out of the statute. *See, e.g.*, *United States v. UnitedHealth Grp. Inc*, 630 F. Supp. 3d 118, 129 (D.D.C. 2022) ("By requiring that [defendants] prove that the [merger] would preserve exactly the same level of competition that existed before the merger, the Government's proposed standard would effectively erase the word 'substantially' from Section 7."). And not only is the District Court's complete-replication-of-Spirit standard inconsistent with the statute, but it made no sense based on the District Court's own

findings that the merger presents no competitive concern on hundreds of routes or "markets" that Spirit flies.[5]

Indeed, the District Court made no findings as to a substantial lessening of competition in any particular "line of commerce"—or antitrust market—at all. Instead, it generally announced a Section 7 violation as to "at least some of the relevant markets," *id.* at 105, while later suggesting there was a violation in "a relevant market," *id.* at 107, without identifying what that market is. As the Supreme Court held, only an "examination of the particular market—its structure, history and probable future—can provide the appropriate setting for judging the probable anticompetitive effect of the merger." *United States v. Gen. Dynamics*, 415 U.S. 486, 498–503 (1974). The District Court did not even attempt this comprehensive, market-specific analysis, which requires a market-specific weighing of potential harms and benefits from the merger.

For these reasons and others, there are substantial grounds to disagree with the Decision, further warranting expedited review.

---

[5]    *See, e.g.*, Decision at 48 (noting the 117 connecting routes are "unlikely to see a substantial lessening of competition" due to the way pricing occurs on these routes and low passenger volumes); *id.* at 73 n.48 (stating as to the 115 routes where only Spirit, but not JetBlue, flies: "The Government cannot request a geographic market of specific O&D pairs and then simultaneously request the inclusion of markets in which Spirit only competes with non-party airlines.").

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should expedite this appeal, set the briefing schedule set forth on page 3, and endeavor to calendar oral argument for the May sitting so that a decision may be issued before July 24, 2024.

Dated: January 29, 2024                Respectfully submitted,

*/s/ Ryan A. Shores*
Ryan A. Shores
Cleary Gottlieb Steen & Hamilton, LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Tel: 202-974-1500
rshores@cgsh.com

Elizabeth M. Wright
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Tel: 617-937-2300
ewright@cooley.com

*Attorneys for Defendant-Appellant*
*JetBlue Airways Corporation*

Andrew C. Finch
Jay Cohen
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: 212-373-3000
afinch@paulweiss.com
jcohen@paulweiss.com

*Attorneys for Defendant-Appellant*
*Spirit Airlines, Inc.*

## <u>CERTIFICATE OF COMPLAINCE</u>

Pursuant to Fed. R. App. P. 27(d) and 32(g), the undersigned hereby certifies that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 27(d)(2) and any accompanying documents as authorized by Fed. R. App. P. 27(a)(2)(B), the motion contains 2284 words.

The motion has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font as provided by Fed. R. App. P. 32(a)(5)-(6). As authorized by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of the word processing system in preparing this certificate.

<div style="margin-left:auto;">

*/s/ Ryan A. Shores*
Ryan A. Shores
Cleary Gottlieb Steen & Hamilton, LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Tel: 202-974-1500
rshores@cgsh.com

</div>

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2024, I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit by using the CM/ECF system.  In addition, I certify that the following counsel were served via email and U.S. first-class mail, postage prepaid:

Edward W. Duffy
Arianna Markel
John M. Briggs
James L. Moore III
Aaron M. Teitelbaum
John R. Thornburgh I
United States Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
Telephone: (202) 307-0924
Email: edward.duffy@usdoj.gov
          arianna.markel@usdoj.gov
          john.briggs@usdoj.gov
          james.moore4@usdoj.gov
          aaron.teitelbaum@usdoj.gov
          john.thornburgh@usdoj.gov

Andrew N. DeLaney
United States Department of Justice
Antitrust Division, Appellate Section
950 Pennsylvania Ave., N.W.
Washington, DC 20530
Telephone: (202) 514-2414
Email: andrew.delaney@usdoj.gov

*Attorneys for Plaintiff-Appellee United States of America*

William T. Matlack
Office of the Attorney General
One Ashburton Place, 18th Floor

Boston, MA 02108
Telephone: (617) 727-2200
Email: William.Matlack@mass.gov

*Attorneys for Plaintiff-Appellee Commonwealth of Massachusetts*

Olga Kogan
New York State Office of the Attorney General
28 Liberty Street, 20th Floor
New York, NY 10005
Telephone: (212) 416-8262
Email: olga.kogan@ag.ny.gov

*Attorney for Plaintiff-Appellee State of New York*

C. William Margrabe
Office of the Attorney General
400 6th Street NW, Suite 10100
Washington, DC 20001
Telephone: (202) 727-6294
Email: will.margrabe@dc.gov

*Attorney for Plaintiff-Appellee District of Columbia*

Schonette J. Walker
Gary Honick
Byron Warren
Maryland Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6300
Email: swalker@oag.state.md.us
         ghonick@oag.state.md.us
         bwarren@oag.state.md.us

*Attorneys for Plaintiff-Appellee State of Maryland*

Jamie L. Miller
Supervising Deputy Attorney General
Office of the California Attorney General

455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
Telephone: (415) 510-3565
Email: Jamie.Miller@doj.ca.gov

*Attorney for Plaintiff-Appellee State of California*

Ana Atta-Alla
State of New Jersey – Office of the Attorney General
Division of Law
124 Halsey Street – 5th Floor
Newark, NJ 07102
Telephone: (973) 648-6835
E-mail: Ana.Atta-Alla@law.njoag.gov

*Attorney for Plaintiff-Appellee State of New Jersey*

Jessica V. Sutton
Special Deputy Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, NC 27602
Telephone: 919-716-6000
E-mail: jsutton2@ncdoj.gov

*Attorney for Plaintiff-Appellee State of North Carolina*

/s/ *Ryan A. Shores*
Ryan A. Shores

*Attorney for Defendant-Appellant*
*JetBlue Airways Corporation*

16